IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE TRAVIS LEE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 03-J-1954-S |
| ) | |
| SHELBY COUNTY ) | |
| COMMISSION, et al, ) | **ENTERED** |
| ) | |
| Defendants. ) | MAY 25 2004 |
| ) | |

## MEMORANDUM OPINION

Pending before the court is defendants Shelby County Commission and Shelby County Law Enforcement Personnel Board's ("defendants") motion for summary judgment (doc. 21). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that the motion for summary judgment is due to be **granted in part and denied in part**.

### I. Background

Plaintiff was hired as a deputy sheriff in December, 1994. (Pl. Depo., at 41-42.) On August 28, 1998, plaintiff was assigned a K-9, Tiger. (Pl. Depo., at 56-58, 170.) In 2000, plaintiff inquired about receiving overtime compensation for time he spent caring for Tiger. (Pl. Depo., at 96-99.) In August, 2002, plaintiff sent a written request for

1

overtime pay to Captain Mike Dehart. (Ex. F to Pl. Evidentiary Submission; Pl. Depo., at 107-109.) On September 20, 2002, Tiger was retired as a K-9 officer. (Ex. G to Pl. Evidentiary Submission.) Sheriff Jones transferred plaintiff from Patrol Division to Jail Division effective September 30, 2002. (Ex. H to Pl. Evidentiary Submission.)

The Sheriff's office offered to compensate plaintiff for one hour per day of overtime between September 23, 2000 and September 22, 2002 for the care of Tiger. (Ex. I to Pl. Evidentiary Submission.) Plaintiff refused such offer. (Ex. J to Pl. Evidentiary Submission.) On July 28, 2003, plaintiff resigned. (Ex. G14 to Def. Evidentiary Submission.) In August, 2003, plaintiff received a check for alleged overtime from July, 2001, forward. (Pl. Aff., ¶ 3; Ray Aff., ¶¶ 5-6; Curry Aff., ¶ 2.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to

> that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III. Legal Analysis

In his amended complaint, plaintiff makes the following claims against defendants: (1) failure to provide overtime compensation in violation of the Fair Labor Standards Act ("FLSA"); (2) willful violation of the FLSA; and (3) retaliation.

Defendants argue that neither defendant can be liable as "employers" of plaintiff under the FLSA for any of plaintiff's claims. The FLSA defines "employer" to encompass "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d).

> Courts are to construe the terms "employee" and "employer" expansively. [citations omitted] In addition, the FLSA contemplates that an employee may have more than one employer responsible for its provisions. [citations omitted] To determine whether an employment relationship exists the Supreme Court has indicated that courts should apply an "economic realities" test. [citations omitted]
> ....
> An employer under the Act is someone who: 1) has the power to hire and fire the employee; 2) supervises and controls the employee's work schedule or conditions of employment; 3) determines the rate and method of payment; and 4) maintains employment records. [citations omitted] No one factor is dispositive, but instead "a court must consider the economic realities and the circumstances of the whole activity." [citation omitted]

*Robertson v. Board of County Comm'rs of the County of Morgan*, 78 F. Supp. 2d 1142, 1150-51 (D. Colo. 1999). *See Barfield v. Madison County, Mississippi*, 984 F. Supp. 491, 497 (S.D. Miss. 1997). The evidence here shows that: (1) the sheriff has the power to hire and fire deputies; however, such decision is appealable to the Shelby County Law Enforcement Personnel Board (Ex. B to Def. Evidentiary Submission, at 941; Walters Depo., at 57-58); (2) the sheriff supervises and controls the work schedule or conditions of employment of (Pl. Depo, at 58, 93; Ex. H to Pl. Evidentiary Submission); and (3) the

sheriff determines the rate of payment for deputies (Samaniego Aff.; Ray Aff.); however, the Shelby County Law Enforcement Personnel Board sets limitations within which the sheriff must determine rates of pay (Ex. B to Def. Evidentiary Submission, at 939). There is also evidence indicating that the Shelby County Commission funds the sheriff's office. (Walters Depo., at 57; Lee Depo., at 93.) Based on this evidence, the court finds there is a genuine issue as to whether defendants were joint employers of plaintiff.

Count One of plaintiff's amended complaint alleges that defendants violated the FLSA by failing to pay him overtime. The FLSA requires employers subject to the Act to pay time-and-a-half overtime compensation to employees who work more than forty hours a week. 29 U.S.C. § 207(a)(1). Genuine issues of material fact exist as to whether plaintiff is entitled to overtime compensation.[1] Nonetheless, the court points out that any recovery by plaintiff is limited by the applicable two year statute of limitations.[2] 29 U.S.C. § 255(a). Thus, at trial, plaintiff may only present evidence regarding his

---

[1] For example, plaintiff must show that he actually worked overtime for which he was not compensated. Plaintiff admits he did not report the alleged overtime on his time cards and, such failure, may be fatal to his claim. *See Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324 (5th Cir. 1972).

[2] As discussed below, there is no evidence of willfulness and, thus, the three year statute of limitations does not apply.

entitlement for overtime compensation between July 29, 2001 and September 30, 2002.[3]

Count Two of plaintiff's amended complaint alleges that defendants willfully violated the FLSA. This claim fails as a matter of law because there is no evidence of a willful violation of the FLSA. Plaintiff claims that any denial of overtime was willful in that other deputies were being compensated for overtime spent caring for K-9s. However, plaintiff admits that, unlike the other deputies, he never requested the overtime on his time cards. (Pl. Depo., at 71-72, 90-91.) In addition, the sheriff did offer to compensate plaintiff for two years of overtime for an hour per day for the care of Tiger and plaintiff admits now that he only spent an average of 36.91 minutes per day caring for Tiger. (Exs. I & K to Pl. Evidentiary Submission.) The evidence before the court does not indicate that defendants "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988); *see Reich v. Department of Conservation & Natural Resources, State of Alabama*, 28 F.3d 1076, 1084 (11th Cir. 1994). Thus, Count Two (willfulness) of plaintiff's amended complaint is due to be dismissed.

Count III of plaintiff's amended complaint alleges that the Shelby County

---

[3] The court notes that plaintiff did receive a check, which he has not returned, for overtime compensation in the amount of one hour per day for this period of time. (Pl. Aff., ¶ 3; Ray Aff., ¶¶ 5-6; Curry Aff., ¶ 2.)

Sheriff's Office retaliated against plaintiff by transferring him after he requested overtime compensation.[4] To establish a claim of retaliation under the FLSA, plaintiff must show that he "(1) [he] engaged in activity protected under [the] act; (2) [he] subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)(quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997)). Plaintiff's claim of retaliation fails because he cannot show an adverse employment action. It has been held that a transfer to a different position or different location is "'adverse' if it involves a reduction in pay, prestige or responsibility." *Baker v. Alabama Dep't of Public Safety*, 296 F. Supp. 2d 1299, 1307-08 (M.D. Ala. 2003). The evidence before the court does not show that plaintiff's transfer was adverse. Plaintiff's pay was not reduced, but remained the same. (Pl. Depo., at 134.) Moreover, plaintiff's responsibilities were not reduced but were actually increased. (Pl. Depo., at 134.) Absent an adverse employment action, Count Three (retaliation) of plaintiff's amended complaint fails.

---

[4] The court notes that plaintiff never named Sheriff Jones as a defendant even though he was the one who transferred plaintiff. (*See* Pl. Depo., at 156 (plaintiff believes that Jones retaliated against him).) There is no evidence that either of the remaining defendants were even aware of plaintiff's transfer. (*See* Pl. Depo., at 158 (plaintiff does not claim that anyone at the personnel board or the commission retaliated against him).) Plaintiff does testify that he believes that Sheriff Curry retaliated against him when Curry failed to transfer plaintiff from the jail until six months after he became sheriff. (Pl. Depo., at 156-58.) However, such failure to transfer does not constitute an adverse employment action. *See Gaddis v. Russell Corp.*, 242 F. Supp. 2d 1123, 1145 (M.D. Ala. 2003).

## IV. Conclusion

Having considered all of the evidence submitted by the parties, the court finds that the plaintiff fails in his burden to show evidence sufficient to survive the defendants' motion for summary judgment on Counts Two and Three of his amended complaint. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the nonmoving party on these counts. *See Anderson*, 477 U.S. at 248.

Based upon the foregoing, defendants' motion for summary judgment (doc. 21) is **GRANTED IN PART** (Counts Two and Three) **and DENIED IN PART** (Count One). Plaintiff's claims of willfulness and retaliation against the defendants shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the ⎯⎯25⎯⎯ day of May, 2004.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Inge P. Johnson
United States District Judge